IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | No.: 25-cr-163 (CVR) |
| [1] EDGARDO NAVARRO SUAREZ, *et al.* | |
| Defendants. | |

## **PROTECTIVE ORDER GOVERNING DISCOVERY**

To expedite the flow of discovery material between the parties and adequately protect personal identity information, witness security, financial data, and non-party proprietary commercial information, all entitled to be kept confidential, it is, pursuant to the Court's authority under Fed. R. Crim. P. 16(d), ORDERED:

### **All Materials**

1.      All of the materials provided by the United States in preparation for, or in connection with, any stage of the proceedings in this case (collectively, the "Materials") are subject to this protective order (the "Order") and may be used by the defendants and defense counsel (defined as counsel of record in this case) solely in connection with the defense of this criminal case, and for no other purpose, and in connection with no other proceeding, without further order of this Court.

2.      The defendants and defense counsel shall not disclose the Materials or their contents directly or indirectly to any person or entity other than: (i) persons employed to assist in the defense, including independent expert witnesses, expert advisors, investigators, consultants, and vendors; (ii) persons who are deemed as potential witnesses by defense counsel, as well as counsel for potential witnesses, and, (iii) such other persons to whom disclosure may be authorized by agreement, in writing, by the parties, or to whom the Court may authorize

*Protective Order Governing Discovery*
*No. 25-cr-163 (CVR)*
*Page 2 of 4*

disclosure (collectively, "Authorized Persons"). Potential witnesses and their counsel may be shown copies of the Materials as necessary to prepare the defense, but may not retain copies without prior permission of the Court. Authorized Persons shall store the Materials in at least the same precautionary manner as defense counsel would normally store sensitive or privileged client information.

3.     The defendants, defense counsel, and Authorized Persons shall not copy or reproduce the Materials except in order to provide copies of the Materials for use in connection with this case by defendants, defense counsel, and Authorized Persons. Such copies and reproductions shall be treated in the same manner as the original materials. The defendants, defense counsel, and Authorized Persons shall not disclose any notes or records of any kind that they make in relation to the contents of the Materials, other than to Authorized Persons, and all such notes or records are to be treated in the same manner as the original materials.

4.     Before providing materials to an Authorized Person, defense counsel must provide the Authorized Person with a copy of this Order.

5.     Upon conclusion of all stages of this case, all of the Materials and all copies made thereof shall be destroyed or returned to the United States, unless otherwise ordered by the Court. The Court may require a certification as to the disposition of any such materials.

6.     The restrictions set forth in this Order do not apply to documents that are or become part of the public court record, including documents that have been received in evidence at other trials, nor do the restrictions in this Order limit defense counsel in the use of discovery materials in judicial proceedings in this case, except as described below.

## Sensitive Materials

7.      The United States may produce materials containing personal identity information as identified in Rule 49.1 of the Federal Rules of Criminal Procedure ("Sensitive Materials") to defense counsel, pursuant to the defendants' discovery requests.  Sensitive Materials shall be plainly marked as "Sensitive" by the United States prior to disclosure.

8.      No Sensitive Materials, or the information contained therein, may be disclosed to any persons other than the defendants, defense counsel, Authorized Persons, or the person to whom the sensitive information solely and directly pertains, without prior notice to the United States and authorization from the Court.  Absent prior permission from the Court, information marked as "Sensitive" shall not be included in any public filing with the Court, and instead shall be submitted under seal (except if the defendant chooses to include in a public document sensitive information relating solely and directly to the defendants).

10.     The procedures for use of designated Sensitive Materials during any hearing or the trial of this matter shall be determined by the parties and the Court in advance of the hearing or trial.  No party shall disclose designated confidential documents in open court without prior authorization by the court or consent of all parties.

11.     The Clerk shall accept for filing under seal any documents or filings so marked by the parties pursuant to the above paragraphs.

## Scope of this Order

12.     **Modification Permitted.**  Nothing in this Order shall prevent any party from seeking modification of this Order or from objecting to discovery that it believes to be otherwise improper.

*Protective Order Governing Discovery*
*No.: 25-cr-163 (CVR)*
*Page 4 of 4*

13.      **No Waiver**.  The failure by the United States to designate any materials as

"Sensitive" upon disclosure shall not constitute a waiver of the United States' ability to later

designate the materials as "Sensitive".

14.      **No Ruling on Discoverability or Admissibility**.  This Order does not constitute

a ruling on the question of whether any particular material is properly discoverable or admissible

and does not constitute any ruling on any potential objection to the discoverability of any

material.

SO ORDERED this _____ day of _____, 2025.


_____
HONORABLE CAMILLE L. VELÉZ-RIVÉ
UNITED STATES DISTRICT JUDGE