IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>RAMON J. VALENTIN MONTALVO,<br><br>Defendant. | No.: 25-CR-163 (CVR) |

### UNITED STATES' OPPOSITION TO MOTION TO TRAVEL

TO THE HONORABLE COURT:

COMES NOW the United States of America, by and through the undersigned Assistant United States Attorney, to respectfully request that the Court deny Defendant Ramon J. Valentin Montalvo's Motion to Travel.

On March 27, 2025, Valentin was indicted for wire fraud conspiracy and bank bribery. *See* ECF No. 3. On April 3, 2025, he was arrested. Without objection from the United States, Valentin was released under the condition that he put forward an unsecured bond of $10,000 and undergo mental health and drug treatment as the U.S. Probation Office directs. *See* ECF No. 50. The conditions authorize "overseas travel *to mainland U.S. only*, not exceeding 15 days." *See id.*

On April 25, 2025, Valentin moved for permission to travel to Europe for over two weeks to enjoy, among other things, a Mediterranean cruise visiting such ports as Ibiza, Spain; Naples, Italy; and Cannes, France. *See* ECF No. 59. He mistakenly notes in his Motion that the "travel does not exceed the fifteen (15) day limit permitted under the conditions of release." *See id.*

Valentin informed that this luxury cruise was "previously scheduled." *See id.* at 2. But he did not provide information about when the reservations were confirmed or paid.[1] And the

---

[1] The documents provide the issued date, which could be different from the confirmed

supporting documentation submitted does not appear to be the original documentation.  Instead, it appears that information was copied into a Microsoft Word document from some other source.  *See id.*  It is unclear from the Motion why Valentin chose to provide the information in this manner instead of providing the original reservations.

The Bail Reform Act, 18 U.S.C. § 3141, *et seq.*, governs release pending trial.  Section 3141 lists four factors to be considered in the detention analysis: (1) the nature and circumstances of the crimes charged; (2) the history and characteristics of the defendant; (3) the seriousness of the danger posed by the defendant's release; and (4) the evidence of the defendant's guilt.  *See* 18 U.S.C. § 3142(g).  Courts should consider those factors when weighing a request like Valentin's.  *See United States v. Pina-Nieves*, 535 F. Supp. 3d 86, 87 (D.P.R. 2021) (Besosa, J.) (denying defendant's motion to travel to Dominican Republic for the birth of his child).

Valentin's current conditions of release are adequate under the circumstances and the Court should deny his request to travel.  *First*, Valentin was involved in a multi-million-dollar scheme to defraud.  He leveraged his status as a certified public accountant to forge tax documents for submission to the U.S. Small Business Administration and a bank in Puerto Rico.

Every count to which Valentin is exposed to carries a potential 30-year sentence of imprisonment.  He is also exposed to significant monetary penalties in the form of fines, restitution, and forfeiture.  That is all in addition to the likely collateral consequences of a conviction in this matter, including losing his ability to continue doing business as a CPA.

---

date.

*Second*, the weight of the evidence is strong. The United States expects to present testimony from multiple witnesses, documents and records from various sources, and electronic communications to establish Valentin's role in the scheme. Some of those communications come from Valentin himself.

*Third*, Valentin has a criminal record. In 2003 he was convicted of violations of the Puerto Rico controlled substances laws. Though it is not recent, it shows that Valentin is no stranger to criminal behavior.

Valentin, a mere month after being arrested for fraud and bribery, now asks the Court to trust him to take a vacation to Europe. Given the nature of the charges, the weight of the evidence, and Valentin's history and characteristics, the United States objects. The potential penalties and collateral consequences make him a flight risk while the two weeks of luxury travel provide ample opportunity to dissipate assets that could be used to satisfy any monetary penalties imposed. Accordingly, the United States asks the Court to deny the Motion. Alternatively, if the Court is inclined to grant Valentin's request, the United States would respectfully request that it also impose a $50,000 secured bond.

Respectfully submitted,

W. STEPHEN MULDROW
United States Attorney

s/Daniel J. Olinghouse
Assistant United States Attorney
USDC-PR No. G03009
Torre Chardón, Suite 1201
350 Carlos Chardón Street
San Juan, Puerto Rico 00918
(787) 766-5656
Daniel.Olinghouse2@usdoj.gov

**aaCERTIFICATE OF SERVICE**

I hereby certify that I caused the foregoing to be presented to the Clerk of the Court for filing and uploading to the CM/ECF system, which will generate an electronic notice of this filing to be sent to the parties.

s/Daniel J. Olinghouse
Daniel J. Olinghouse
Assistant United States Attorney
